Dear Mr. Cox:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply.
Specifically, you ask:
 1) If and when the Louisiana Department of Public Safety and Corrections (DOC) is required to pay for children who are adjudicated by a court of competent jurisdiction delinquent or in need of services in a Family in Need of Services case?
 2) Whether DOC is responsible for the cost of feeding and maintaining children who are committed for less than some minimum period?
 3) Whether DOC is responsible for reimbursing a secure nonstate owned facility pending transfer of the child to a nonsecure environment such as a group home?
 4) When is the local governing authority responsible for the costs of feeding and maintaining these children?
There is one statute which governs the payment for juveniles adjudicated delinquent and those adjudicated in need of services. The pertinent parts of this statute are La.R.S. 46:1906(B)(1),(2) and (4) which are as follows:
 § 1906. Delinquents and children in need of services; custody, supervision, services
 B. (1) Subject to appropriation, the department shall pay to any nonstate owned facility for feeding and maintaining each child who is adjudicated delinquent or in need of services in a Families in Need of Services case and committed to the department by a court to be held in a nonsecure environment, and who is held in such nonsecure facility due to the inability of the department to place the child, the same daily amount as is paid by the department for keeping and feeding individuals committed to the department and confined in local or parish jails.
 (2) Subject to appropriation, the department shall pay to any nonstate owned facility for feeding and maintaining each child who is adjudicated delinquent and committed to the department by a court to be held in a secure environment, and who is held in such a secure facility for any reason, an amount equal to ninety percent of the current weighted average of the amount paid state detention facilities, determined to be $96.43 for the year 2001, to be adjusted yearly on July first, pursuant to the consumer price index.
. . .
 (4) No local governing authority shall be required to pay any nonstate owned facility for feeding and maintaining any child who has been adjudicated delinquent or in need of services in a families in need of services case and placed in the department's custody.
To answer your questions this statute must be dissected. According to Section 1906(B)(1), when a child is committed to DOC to be held in a nonsecure environment and held in the nonsecure facility because of the inability of DOC to place the child, DOC owes "the same daily amount as is paid by the department for keeping and feeding individuals committed to the department and confined in local or parish jails."
On the other hand, according to 1906(B)(2), if the child is committed to DOC to be held in a secure environment and is held in the nonstate owned facility for whatever reason, DOC is to pay ninety percent of the current weighted average of the amount paid state detention facilities, determined to be $96.43 for the year 2001, to be adjusted yearly on July 1, pursuant to the consumer price index.
Further, Section 1906(B)(4) states that no local governing authority (such as Caddo Parish) shall be required to pay any nonstate owned facility for feeding and maintaining any child who has been adjudicated delinquent or in need of services and placed in DOC custody.
To summarize this statute, payments by DOC are divided into two categories, those for children committed to DOC to be held in nonsecure facilities and held in nonstate owned facilities because of DOC's inability to place them, and those children who are committed to DOC to be held in secure facilities.
It should be emphasized that there is no mention for either nonsecure or secure placement of any minimum or maximum time a child must be committed to DOC before DOC is responsible for payment for costs of feeding and maintaining these children.
With regard to children who are committed to nonsecure DOC facilities but are held in a secure facility pending transfer, the statute is unclear. It is the opinion of this office that DOC is only responsible for payment for a nonsecure facility although the child is being held in a secure facility pending transfer. The child was not committed to a secure facility and it would be inequitable to require DOC to pay the larger amount for a secure facility.
Also, as stated previously, DOC, not local governing authorities, is responsible for all costs of feeding and maintaining children committed to them.
We trust your questions have been answered. However, if you should need anything further from this office, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
RPI:FJP:sc
DATE RECEIVED: 11-07-02 B.R. DATE RECEIVED: 11-13-02 SH
DATE RELEASED: July 30, 2003